[Civ. No. 3701. Fourth Dist. Feb. 10, 1949.]

MIKE GEORGE, Respondent, v. A. KHAN, Appellant.

Ralph Moradian for Appellant.

L. Kenneth Say for Respondent.

GRIFFIN, J.—Plaintiff claimed that he was induced by defendant to purchase a certain tractor and disc for $2,000, through false representations, that is (1) that the tractor had been recently overhauled; and (2) that it was in good mechanical condition at the time except for an oil leak; that plaintiff relied upon these representations and that defendant knew them to be false at the time made; that plaintiff was compelled to spend $1,901.45 to repair the equipment and to put it in running order. Damages in this sum were sought. Defendant admits the sale but denies he made any false representations. The court awarded plaintiff $1,000 in damages.

Defendant's claim on appeal is that the evidence is insufficient to support the judgment.

Defendant placed a sign in front of his ranch advertising that he had a tractor and disc for sale for $2,300. Plain-

tiff, his wife and three children, called at the ranch. Plaintiff asked defendant the reason why he wanted to sell and he stated that the tractor was too heavy for his ranch. Plaintiff then asked him as to the condition of the tractor and defendant said: "Perfectly all right . . . good condition, good mechanical condition"; that there was "only one thing matter with it"; that when he had it repaired the previous year the repairman forgot to put the "seal on it" and the oil leaked out "otherwise is as good as new." When plaintiff examined it volumes of smoke came from it. Defendant told him that there was some air in the line and that was the reason it would only move to one side. The driver could not make a left turn with it. Plaintiff paid defendant $2,000 for the machinery and took it to a repair shop. The repairman took the pan off of the tractor and the bearings, rollers and all moving parts were found to be in bad condition. Plaintiff said he returned to see the defendant about it on three occasions but could not find him; that he paid the repairman $1,901.45 to repair the tractor. That within 32 hours after first using it the crankshaft broke in two and he found that the crankcase had been welded from a previous trouble; and that it was necessary to replace the block at a cost of $683.95.

The repairman testified that when the tractor was first brought in by plaintiff it was "pretty well run down . . . needed a complete overhaul job—the block had been previously broken and welded at one time and was warped out of place and that was the reason the crankshaft broke."

Plaintiff's wife and child testified that they heard defendant say the tractor "was in good condition" or "perfect condition." Defendant denied this conversation and stated that plaintiff agreed to take the tractor and disc at the reduced price and that he would do his own repair work on it; that plaintiff was familiar with tractors but that he was not; that plaintiff examined it thoroughly and was satisfied with it before he took it; that he, the defendant, did not know there was anything wrong with it. He admitted knowing that a connecting rod had come out through the block a few months before the sale but he did not tell plaintiff about it. He produced some bills showing certain previous repairs to the tractor. He also testified that plaintiff gave him a check for $2,000; that he took it to the bank and payment was refused; that he looked up plaintiff and they both went to the bank and the check was paid; that he offered to take the tractor back at that time.

The evidence, even though conflicting, fully supports the judgment in the sum allowed.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied March 3, 1949.